NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL ROSE, as personal
representative for the estate of Bradley Rose
and as personal representative on behalf of
all statutory beneficiaries of Bradley Rose,
deceased estate of Bradley Rose,

        Plaintiff - Appellant,

 v.

MATTHEW FARNEY, JOSE
CARDENAS, DEVIN GODFREY, NASIA
SHRADER, DOUG SCHUSTER, Sheriff,
in their individual capacities,

        Defendants - Appellees.

No. 23-2846

D.C. No.
3:22-cv-08055-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted September 10, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
Judge.[**]

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**] The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

In this action brought under 42 U.S.C. § 1983, Michael Rose (Rose), as personal representative for the estate of his son, Bradley Rose (Bradley), appeals the district court's order granting partial summary judgment in favor of Deputies Matthew Farney, Jose Cardenas, Devin Godfrey, Nasia Shrader and Sheriff Doug Schuster of the Mohave County Sheriff's Department. We have jurisdiction over this interlocutory appeal involving qualified immunity, and, reviewing *de novo*, we affirm in part and reverse in part the district court's order. *See Scott v. Smith*, 109 F.4th 1215, 1222 (9th Cir. 2024).

**1.** The district court erred in granting summary judgment in favor of Deputy Farney on Rose's excessive force claim. Although we consider several factors when evaluating an officer's use of force, "[t]he most important factor is whether the suspect posed an *immediate* threat." *Id.* at 1224 (citation and internal quotation marks omitted) (emphasis added). Deputy Farney was not wearing his bodycam when he fatally shot Bradley, and "the witness most likely to contradict his story— the person shot dead—is unable to testify." *Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir. 2014) (en banc) (citation omitted). "Accordingly, we carefully examine all the evidence in the record, such as medical reports, contemporaneous statements by the officer and the available physical evidence, to determine whether the officer's story is internally consistent and consistent with other known facts. . . ." *Id.* (citation, alteration, and internal quotation marks omitted).

We conclude that a reasonable jury could question some of Deputy Farney's statements based on the evidence and conflicting statements from Deputy Farney. It is undisputed that Bradley did not "jump out of his vehicle and start running away," and that Bradley was unarmed. According to Deputy Farney, he did not "start running toward [Bradley] to take him into custody," and he "yell[ed] at the top of [his] lungs multiple times" for Bradley "to get on the ground." However, a jury could determine that a video reflects that Deputy Farney rushed towards Bradley, and that no commands from Deputy Farney are on the audio from the bodycam left in Deputy Farney's police vehicle, although another deputy and the sound of gunshots can be heard. This evidence calls into question Deputy Farney's statements.

In addition, Deputy Farney maintains that Bradley grabbed his firearm during the altercation. However, the district court determined that there was "a dispute as to whether [Bradley] grabbed [Deputy] Farney's service weapon," and a fingerprint analysis of Deputy Farney's firearm was inconclusive. Deputy Farney related that, after he was hit by Bradley "one time," he was "able to gain some distance," but Bradley was "still in [Deputy Farney's] face." However, the autopsy report indicated that at least one of the gunshot wounds came from two feet away. "[V]iewing the facts in the light most favorable to" Rose, a reasonable jury could discount Deputy Farney's version of events and determine that Bradley, who was

unarmed and "some distance from" Deputy Farney, did not pose "an immediate threat." *Scott*, 109 F.4th at 1224 (citation omitted).

Based on the evidence in the record, a reasonable jury could discount Deputy Farney's version of events and find him not credible. With Deputy Farney determined to be not credible, a reasonable jury could reject his crucial claim that Bradley reached for Deputy Farney's weapon. A reasonable jury could instead find that, after Bradley ended his dangerous driving evading officers, and exited his vehicle, he stood there, flailing his arms and hit the approaching Deputy Farney, who then, without giving any commands, simply stepped back and shot Bradley dead. Under the totality of the circumstances presented here, as construed in the light most favorable to Rose, "every reasonable official would have understood that" Deputy Farney's actions violated Bradley's Fourth Amendment right to be free of excessive force. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). Under this version of the facts, this is an "obvious case" in which the general excessive force standards of *Graham v. Connor*, 490 U.S. 386, 396 (1989), "can clearly establish the answer, even without a body of relevant case law." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6 (2021). Stated differently, these facts constitute an "obvious case" of excessive force, and Deputy Farney is not entitled to qualified immunity. *Mattos v. Agarano*, 661 F.3d 433, 442 (9th Cir. 2011) (en banc)

(citation omitted).[1]

The district court correctly held that Rose did not distinctly allege in his complaint that Deputy Farney's pointing of his firearm at Bradley was a separate use of excessive force independent of the discharge of the weapon. *See Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (focusing on claim actually pled).[2]

**2.** The district court properly determined that Deputy Godfrey was entitled to qualified immunity when he handcuffed Bradley because Rose failed to demonstrate that it was "beyond debate" that Deputy Godfrey's conduct violated a clearly established right. *Scott*, 109 F.4th at 1226 (citation omitted). Accordingly, the district court also properly granted summary judgment in favor of Deputies Farney, Cardenas, and Shrader on Rose's related integral participant claim. *See Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022).

**AFFIRMED in part and REVERSED in part.**

---

[1] Because Deputy Farney is not entitled to qualified immunity, the district court also erred in granting summary judgment in favor of Sheriff Schuster. *See Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (explaining that supervisors can be held liable under § 1983). The district court properly granted summary judgment in favor of Deputy Farney on Rose's familial association claim because the facts of this case do not "shock[ ] the conscience." *Scott*, 109 F.4th at 1228 (citation omitted).

[2] The district court correctly held that Rose failed to demonstrate good cause in seeking leave to amend his complaint after the deadline imposed by the district court's scheduling order. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017).

23-2846